Johnson, Chancellor.
I concur in this opinion, and will only add a word in illustration of iny own views of the question.
The foundation of all legal liability, is the omission to do some act which the law commands, the commission of some act which the law prohibits, or the violation of some contract by which the party is injured. There is no law regulating the relative duties of the owners of a steam car, and the persons employed by them to conduct it. The liability, if any attaches, must therefore arise out of contract. What was the contract between these parties ? The plaintiff, in consideration that the defendants would pay him so much money, undertook to perform the service of fireman on the train. This is all that is expressed. Is there anything more implied ? Assuming that the injury done, was in conse- *262 quenco of the negligence of the engineer, the defendants would not be liable, ^unless they undertook to answer for his diligence and skill. Is that implied ? I think not, The law never implies an obligation in relation to a matter about which the parties are or may, with proper diligence, be equally informed. No one will ever be presumed to undertake for that which a common observer would at once know was not true. The common case of the warranty of the soundness of a horse, notoriously blind, may be put in illustration. The warranty does not extend to the goodness of the eyes, because the purchaser knew or might have known, with proper care, that they were defective.
Now the plaintiff knew that lie was not to conduct the train alone. He knew that he was to be placed under the control of the engineer. He knew that the employment in which he was engaged was perilous, and and that its success was dependent on the common efforts of all the hands ; and, with proper diligence and prudence, he might have been as well, and it does not follow that he might not have been better, informed than the defendants, about the fitness and security of all the appointments connected with the train. If he was not, it was his own want of prudence, for which defendants are not responsible. If he was he will be presumed to have undertaken to meet all the perils incident to the employment.
There is not the least analogy between this case and that of common carriers of goods or transporters of persons. They arc liable in respect to the price paid. Not so here. The plaintiff paid nothing for liis transportation ; on the contrary, he was to be paid for his labor, and for the perils to which he was exposed, as incident to his employment. No prudent man would engage in any perilous employment, unless seduced by greater wages than he could cam in a pursuit unattended by any unusual danger.